# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| WILLARD DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:05CV00027 MLM |
| ) | |
| LARRY CRAWFORD, MARY ) | |
| RIORDAN, UNKNOWN OFFICER ) | |
| AT NECC, UNKNOWN ) | |
| CASEWORKER AT NECC and ) | |
| MISSOURI BOARD OF PROBATION ) | |
| AND PAROLE, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Willard Davis (Registration No. 82114) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six months period immediately preceding the submission of his complaint on April 25, 2005. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $54.33 and an average monthly account balance of $51.28. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $10.87, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, presently incarcerated at Crossroads Correctional Center in Cameron, Missouri, and formerly incarcerated at Northeast Correctional Center ("NECC") in Bowling Green, Missouri, seeks relief in this § 1983 action against Defendants Crawford, Riordan, Unknown Officer at NECC, Unknown Caseworker at NECC and Missouri Board of Probation and Parole. Plaintiff states that, on November 14, 2003, he attempted suicide by trying to come into contact with the electrified perimeter fence. He states that defendants viewed this as an attempt to escape. According to plaintiff, he was given a conduct violation for an attempted escape by Defendant Unknown Officer and found guilty by Defendant Unknown Caseworker. Plaintiff states that Defendant Missouri Board of Probation and Parole extended his conditional release date from February 28, 2007, to October, 2008. He alleges that Defendant Riordan reviewed his grievance challenging his conduct violation but told him that his issues were grieved too late. Plaintiff states that he wrote a letter to Defendant Crawford but received no response. Plaintiff maintains that overwhelming evidence of his attempted suicide exists, that he was sent to Fulton State Hospital and that he was given "several psych meds." Plaintiff seeks return of his February 28, 2007, conditional release date, reinstatement in the Missouri Sex Offender Program, reduction or expungement of his conduct violation, reduction of his custody level and monetary damages.

**Discussion**

A favorable ruling on plaintiff's § 1983 claim that he was unjustly disciplined would necessarily imply the invalidity of plaintiff's future confinement, between February 28, 2007, and October, 2008. Habeas corpus, however, is the proper mechanism for an inmate to challenge either the fact or length of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Thus,

because the federal habeas corpus statute, 28 U.S.C. § 2254, is the exclusive federal remedy in these circumstances, plaintiff may not seek relief under § 1983. *Preiser*, 411 U.S. at 477.

Even if the Court liberally construed this action as a federal habeas corpus action, plaintiff's complaint still must be dismissed because there is no indication that plaintiff has previously presented his claims to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. It appears that plaintiff would have the opportunity to assert his claims in the state court proceedings. Therefore, having carefully considered plaintiff's claims, the Court concludes that the instant action is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 16th Day of August, 2005.

*E. Richard Webber*

**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**